1
2
3
4                        UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6
7    BRAVADO INTERNATIONAL GROUP            Case No.  16-cv-00524-JSW
     MERCHANDISING SERVICES, INC.,
8
                    Plaintiff,              ORDER TO SHOW CAUSE RE
9                                           APPLICATION FOR TEMPORARY
            v.                              RESTRAINING ORDER AND SEIZURE
10                                          ORDER
     JOHN DOES 1-100, et al.,
11                                          Re: Dkt. No. 5
                    Defendants.
12

13          On February 1, 2016, Plaintiff filed an ex parte application for a temporary restraining

14   order ("TRO"), seizure order, and order to show cause why a preliminary injunction should not

15   issue.  Plaintiff seeks an order to enjoin the sale and distribution of unauthorized goods bearing

16   federally registered trademarks of the musical group "Metallica" during the group's concert on

17   February 6, 2016 at AT&T Park in San Francisco, California.  Additionally, Plaintiff seeks a

18   "Seizure Order" permitting "the United States Marshal, for this District or any other district in

19   which Plaintiff enforces this order, the State police, local police or local deputy sheriffs, off duty

20   officers of the same, and any person acting under their supervision" to seize and impound

21   allegedly infringing merchandise.

22          The Court hereby ORDERS Plaintiff to show cause on the following issues, in writing, no

23   later than Wednesday, February 3, 2016, at 9:00 a.m.

24          1.      Notably absent from the application is any indication of why the application was

25   filed a mere five days before relief is sought, creating an "artificial air of emergency" and

26   requiring this Court to hear this matter on shortened time.  *Plant v. Does*, 19 F. Supp. 2d 1316,

27   1318 (S.D. Fla. 1998).  Federal Rule of Civil Procedure 65(b) limits the amount of time during

28   which a TRO issued without notice may remain in effect, and requires the Court to expedite the

*United States District Court*
*Northern District of California*

1   hearing of a preliminary injunction hearing following the issuance of a TRO issued without notice.

2   However, Plaintiff has not shown cause why the Court could not be notified of the application for

3   TRO sufficiently in advance of the requested TRO date for proper hearing.  *See, e.g.*, N.D. Cal.

4   Civil L.R. 7-2(a) ("Except as otherwise ordered or permitted by the assigned Judge or these Local

5   Rules, and except for motions made during the course of a trial or hearing, all motions must be

6   filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not

7   less than 35 days after filing of the motion.").  In other words, Plaintiff has not shown cause why

8   this action and the request for TRO could not have been filed at least 35 days in advance of the

9   date on Plaintiff requests this Court to issue a TRO.

10          Accordingly, no later than 9:00 a.m. on Wednesday, February 3, 2016, Plaintiff shall show

11   cause why the application should not be denied, and Plaintiff and its counsel should not be

12   admonished, due to Plaintiff's delay in presenting this matter to the Court.  Plaintiff shall set forth

13   with specificity when and how Plaintiff discovered the facts alleged in support of the February 1,

14   2016 application, if Plaintiff alleges that Plaintiff's recent discovery of such facts is the reason for

15   the delay in filing the application.

16          2.      The proposed order provided by Plaintiff includes a seizure order as well as a TRO.

17   15 U.S.C. section 1116(d) authorizes this Court to grant an order "providing for the seizure of

18   goods and counterfeit marks."  However, that section also sets forth certain requirements for the

19   language and service of the seizure order.  Accordingly, no later than 9:00 a.m. on Wednesday,

20   February 3, 2016, Plaintiff shall show cause why the proposed seizure order is not overbroad,

21   including specifically on the following issues:

22          •   15 U.S.C. section 1116(d)(5)(B) requires the Court to set forth in its order "a

23              particular description of the matter to be seized, and a description of each place at

24              which such matter is to be seized."  Why is the reference in the proposed order to

25              "the federally registered trademarks, service marks, likenesses, logos, designs, and

26              other indicia of the group known as 'METALLICA,'" or any other language in the

27              proposed order, sufficiently particularized under this section?  Why need not the

28              proposed order include a more particularized description of the trademarks at issue?

United States District Court
Northern District of California

1          Likewise, why is it appropriate for the geographical scope of the seizure order to be

2   a ten mile vicinity of the concert, rather than one mile or some other smaller range?

3   • 15 U.S.C. section 1116(d)(5)(D) requires the Court to set forth in its order "the

4   amount of security required to be provided." Should the Court should require

5   Plaintiff to provide $200,000.00 in security, or some other amount, in light of

6   Plaintiff's representation in its memorandum that "Plaintiff's monetary losses could

7   aggregate in the hundreds of thousands of dollars." (Dkt. No. 6 at 2:19-20.)

8   • 15 U.S.C. section 1116(d)(9) provides that "The court shall order that service of a

9   copy of the order under this subsection shall be made by a Federal law enforcement

10   officer (such as a United States marshal or an officer or agent of the United States

11   Customs Service, Secret Service, Federal Bureau of Investigation, or Post Office)

12   or may be made by a State or local law enforcement officer, who, upon making

13   service, shall carry out the seizure under the order." What authority exists for this

14   Court to authorize the persons named in the proposed order to conduct the seizure,

15   including off duty officers, individuals acting under the supervision of law

16   enforcement officers, and/or process servers?

17          In response to this order, no later than 9:00 a.m. on Wednesday, February 3, 2016, Plaintiff

18   shall file a declaration and any other evidence responsive to these issues. Plaintiff also may elect

19   to file a supplemental brief, not to exceed 10 pages, and a revised proposed order.

20          Failure to fully show cause on all the issues above may result in (1) the denial of the

21   application and (2) the admonishment of Plaintiff and its counsel.

22          **IT IS SO ORDERED.**

23   Dated: February 1, 2016

24

25   _____

26   JEFFREY S. WHITE
    United States District Judge

27

28

3