**Cara R. Burns (State Bar No. 137557)**
cburns@hmkblawyers.com
**HICKS, MIMS, KAPLAN & BURNS**
2800  28th Street, Ste 383
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725

Attorneys for Plaintiff,
BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1-100, JANE DOES 1-100 AND XYZ COMPANY, <br><br> Defendants. | Case No. 3:16-cv-00524 JSW <br><br> AMENDED [PROPOSED] TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE <br> AS MODIFIED |

Based upon the previously filed complaint, memorandum of points and authorities, Declaration of Thomas Donnell and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, John Does 1-100, Jane Does 1-100 and XYZ Company their true identities being unknown  (collectively "Defendants"), show cause before the Honorable Jeffrey S. White, United States District Judge, in Courtroom 5 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California 94612 at   9  . 00 . m. on  February 19  , 2016 or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. Rule 65, the Lanham Act 15 U.S.C. § 1051 et. seq., and the All Writs Act 28 U.S.C. § 1651, should not be entered granting to Plaintiff, Bravado International Group Merchandising Services, Inc. a

preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") bearing the federally registered trademarks, service marks, likenesses, logos, and designs, of the group known as "METALLICA" (collectively the "Group's Trademarks"), which are attached hereto as Exhibit A.

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing any or all of the Group's Trademarks as set forth in Plaintiff's complaint and declaration, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Group's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Group's Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Groups Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Group's Trademarks;

**AND IT IS FURTHER ORDERED** that the United States Marshal, for this District or any district in which Plaintiff enforces this order, the state police, local police or local deputy sheriffs, and off duty officers of the same, are hereby authorized to seize and impound any and all Infringing Merchandise bearing some or all of the Group's Trademarks, which defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from six (6) hours before to six (6) hours after the performance within a ~~two (2)~~ one (1) mile vicinity of the concert to be held February 6, 2016 at AT&T Park, in San Francisco, California;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a surety bond, credit card, certified check, or cash in the amount of $ 20,000 no later than February 5, 2016, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

1  **AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized; and that Plaintiff shall maintain records of any receipts issued and shall maintain all items seized pending further order of this Court;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before  February 12 , 2016.  Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before  February 17  , 2016.  Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that pursuant to F.R.C.P. Rule 65 (b) (4), any Defendant can apply to this Court to dissolve or modify this Order on two (2) days notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or stay its terms unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated:  February 3  2016
At: ~~_____ __. m.~~

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

Respectfully Submitted,
Bravado International Group
Merchandising Services, Inc.
 /s/Cara R. Burns
Cara R. Burns, Esq. (Cal. Bar # 137557)
Hicks, Mims, Kaplan & Burns
2800  28th Street, Ste 383
Santa Monica, CA 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725

**EXHIBIT A TO TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

**Word Mark**

**METALLICA, Federal Registration Nos.** 1819042, *2504291

**Design Marks:**



**Federal Registration No.** 2231065



Federal Registration No. 2213592



Federal Registration Nos. 3275659, 3275658



Federal Registration No. 2198824